("To put the matter in terms of APA § 701(a)(1), we may infer that the immigration laws preclude judicial review of consular visa decisions.").

Having considered the doctrine of consular nonreviewability and found De Castro's arguments against its application unavailing, we agree that the district court properly dismissed his mandamus petition for lack of subject matter jurisdiction. Accordingly, we affirm the district court's decision.

AFFIRMED.

*Garcia,* 405 F.3d 1260 (11th Cir.2005), which was handed down after the decision of the district court, we vacate and remand Hinds' sentence for the purpose of determining *Garcia*'s relevance, if any, to the instant case. We express no opinion on the merits of the issues in the case.

The judgment of conviction is **AFFIRMED,** but the sentence is **VACATED** and **REMANDED.**

---

UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard HINDS, Defendant–Appellant.

No. 05–11166

Non–Argument Calendar.

D.C. Docket No. 04–60072–CR–KAM.

United States Court of Appeals,
Eleventh Circuit.

Jan. 31, 2006.

Abe Anselheart Bailey, Abe A. Bailey, P.A., Miami, FL, for Defendant–Appellant.

Anne R. Schultz, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

In this direct appeal, Hinds challenges only his sentence. In light of the Eleventh Circuit's recent decision, *United States v.*

---

UNITED STATES of America,
Plaintiff–Appellee,

v.

Willie James TAYLOR, Jr., a.k.a. Jack Taylor, Defendant–Appellant.

No. 05–13384

Non–Argument Calendar.

D.C. Docket No. 05–00007–CR–2.

United States Court of Appeals,
Eleventh Circuit.

Feb. 1, 2006.

